IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| STEVEN JEFFREY CAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 3:16-cv-8129-LSC |
| | ) | (3:10-cr-171-LSC-JEO) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Steven Jeffrey Cain ("Cain") has filed with the Clerk of this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to his motion. (Doc. 5.) For the following reasons, the motion is due to be denied.

**I.  Background**

On June 21, 2011, Cain pled guilty to five counts: one count of armed burglary of a pharmacy in violation of 18 U.S.C. § 2118(b); one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court sentenced him to a total of 330 months'

1

imprisonment. Judgment was entered on September 23, 2011. Cain did not appeal, but he filed the instant motion on July 8, 2016.

## II. Discussion

The only claim Cain asserts is that his conviction under 18 U.S.C. § 924(c) should be rendered invalid after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]

In *Johnson*, the Supreme Court held that because the residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, imposition of an enhanced sentence under that provision violates the Fifth Amendment's guarantee of due process. *Id.* at 2557. The Supreme Court made clear that its ruling on the residual clause did not call into question the validity of the "elements clause" or the "enumerated crimes clause" of the ACCA's definition of a violent felony.[2] *Id.* at 2563. Subsequently in *Welch v.*

---

[1] Cain thus attempts to take advantage of 28 U.S.C. § 2255(f)(3), which allows a criminal defendant to file a habeas petition within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Johnson* was decided on June 26, 2015, and although Cain's § 2255 petition is not dated, it was received by this Court on July 8, 2016.

[2] The ACCA calls for an enhanced sentence for a defendant who has three prior predicate convictions and who has been convicted under 18 U.S.C. § 922(g), which, among other things, prohibits a felon from possessing a firearm. A predicate conviction for a violent felony can qualify either under (1) the elements clause (§ 924(e)(2)(B)(i) (a prior crime having as an element the use, attempted use, or threatened use of physical force against the person of another)); (2) the enumerated crimes clause (§ 924(e)(2)(B)(ii) (burglary, arson, extortion or use of explosives)); or

2

*United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. According to Cain, 18 U.S.C. § 924(c)'s definition of "crime of violence" is unconstitutionally vague for the same reasons the Court in *Johnson* held the "residual clause" of the ACCA, 18 U.S.C. § 924(e), unconstitutionally vague.

Cain's argument fails for several reasons. First, it is far from clear that *Johnson* impacted the definition of "crime of violence" under 18 U.S.C. § 924(c). *See In re Smith*, 829 F.3d 1276 (11th Cir. 2016). In *Smith*, the Eleventh Circuit explained in dicta that *Johnson*'s holding is not applicable to a non-ACCA statute, as follows:

> *Johnson* rendered the residual clause of the ACCA invalid. It said nothing about the validity of the definition of a crime of violence found in § 924(c) (3), which prohibits using or carrying a firearm during a crime of violence. Section 924(c) creates a separate crime and provides for a mandatory consecutive sentence for a defendant who uses a firearm during a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c)(1). For purposes of § 924(c), "crime of violence" means an offense that is a felony and:
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

(3) the residual clause (§ 924(e)(2)(B)(ii) (crime that presents a serious potential risk of physical injury to another)).

18 U.S.C. § 924(c)(3).

. . .

As noted, Smith contends that the rule promulgated in *Johnson*, which held the residual clause of the ACCA to be unconstitutionally vague, means that § 924(c)'s residual clause must likewise suffer the same fate. . . . This contention, however, is not self-evident and, indeed, there are good reasons to question an argument that *Johnson* mandates the invalidation of § 924(c)'s particular residual clause, as set out in § 924(c)(3)(B).

First, an analysis of a statute's vagueness is necessarily dependent on the particular words used and, while similar, the language in the two statutes is not the same. Not only did the Supreme Court in *Johnson* decline to expressly invalidate § 924(c)'s residual clause, it further refused to broadly condemn other criminal laws that used risk-based terms. *Johnson*, 135 S. Ct. at 2561 (indicating that, contrary to fears expressed by the Government, its holding did not mean that other criminal statutes that used terms such as "substantial risk" were necessarily in "constitutional doubt"). Second, § 924(c)'s residual clause has not been subject to the same kind of uncertainty in application that long plagued the residual clause of the ACCA and ultimately led the Supreme Court to strike that clause. *See id.* at 2559–60 (discussing the uncertainty experienced in applying the ACCA's residual clause). In short, there are reasons to question whether the Supreme Court's striking of the ACCA's residual clause means that § 924(c)'s clause is also invalid . . . .

829 F.3d at 1278-79. *See also United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (holding that the "substantial risk" clause of § 924(c) survives *Johnson*).

Second, even assuming solely for argument that *Johnson* invalidated § 924(c)'s residual clause, a conviction under 18 U.S.C. § 2118(b) continues to

4

qualify post-*Johnson* because it has "as an element, the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Specifically, the indictment charged that Cain "without authority, entered Phil Campbell Drugs . . ., a location registered with the Drug Enforcement Administration under Section 302 of the Controlled Substances Act . . ., with the intent to steal compounds containing controlled substances . . ., and in committing such offense, *[he] did assault and put in jeopardy the life of another person, by use of a dangerous weapon, that is a firearm . . . .*" (Doc. 6 in *United States v. Cain*, 3:10-cr-171-LSC-JEO) (emphasis added)). Thus, the offense charged plainly included "as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" 18 U.S.C. § 924(c)(3). In sum, whether or not *Johnson*'s reasoning invalidates the "substantial risk" clause of § 924(c)(3), Cain's conviction for armed burglary of a pharmacy was a proper predicate for Cain's § 924(c) convictions under the "use of force" clause.

## III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied. Additionally, a certificate of appealability issue will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Cain's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Cain's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON MAY 11, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704